United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENRY LEE YOUNG,

    Plaintiff,

    v.

E. VALENZUELA,

    Defendant.

Case No. 22-cv-02350-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Kenry Lee Young alleges that a deputy sheriff used insulting language when interacting with him. His amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a). His federal civil rights action cannot proceed; the use of vulgar, offensive or insulting language does not state a constitutional claim. Accordingly, this civil rights action is DISMISSED for failure to state a claim for relief.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

1  A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Young filed a complaint and then asked to file an amended complaint, a request I granted. (Dkt. Nos. 1, 3, and 4.) When no amended complaint was filed, I ordered Young to either file an amended complaint or file a notice that he wanted to proceed with the original complaint. (Dkt. No. 6.) When there was no response to that Order, this suit was dismissed. (Dkt. No. 7.) Young later filed a motion to reopen and an amended complaint, which is the subject of this Order. (Dkt. No. 10.)

Young alleges that on April 2, 2022, when he was incarcerated at the Contra Costa County Jail, he complained to Deputy Valenzuela that there was no soap in the dispenser. (Am. Compl., Dkt. No. 10 at 5.) He alleges that Valenzuela then called him a "smart ass" and told him to take his "black ass" downstairs and say it to his face. (*Id.*) Valenzuela contends that this language was disrespectful, unprofessional, and racially discriminatory. (*Id.*)

As unprofessional as this alleged language may be, it does not come close to stating a claim under 42 U.S.C. § 1983. Allegations of verbal harassment and abuse do not

2

amount to a constitutional violation.  *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).  This is so even if the verbal harassment is racially motivated.  *See Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners).

## CONCLUSION

This civil rights action is DISMISSED for failure to state a claim for relief.  The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:**  December 2, 2024



WILLIAM H. ORRICK
United States District Judge